JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 13 1985

PATRICIA D.
CLERK OF THE PANEL

DOCKET NO. 646

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE PETRO-LEWIS SECURITIES LITIGATION

TRANSFER ORDER

This litigation presently consists of four actions pending in three federal districts: two actions in the District of Montana and one action each in the District of Colorado and the Southern District of New York. Before the Panel is a motion by ten defendants to centralize, pursuant to 28 U.S.C. §1407, the actions in this litigation in the District of Colorado for coordinated or consolidated pretrial proceedings.[1/] Plaintiffs in the New York action and in the two Montana actions oppose centralization.

On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that centralization under 28 U.S.C. §1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions share numerous factual questions relating to alleged violations of various securities laws in connection with the sale of limited partnership interests in a series of partnerships created by Petro-Lewis Corporation (Petro-Lewis). Centralization under Section 1407 is therefore necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the District of Colorado is the appropriate transferee forum for this litigation. We note that 1) Petro-Lewis has its principal place of business in Colorado and many of its witnesses and documents will be found in that state; 2) the Honorable Jim R. Carrigan, to whom we are assigning this litigation, has already gained familiarity with the issues in the litigation as a result of having presided over an earlier filed related action; and 3) the action already pending in the District of Colorado is brought by the largest number of plaintiffs of any action now before the Panel.

---

[1/] An additional action, Craig D. Goldate v. Petro Lewis Corp., et al., E. D. Pennsylvania, C.A. No. 85-407, was included on the schedule of actions accompanying the motion now before the Panel. That action has since been dismissed and, accordingly, the question of transfer with respect to that action is moot.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the District of Colorado be, and the same hereby are, transferred to the District of Colorado and, with the consent of that court, assigned to the Honorable Jim R. Carrigan for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

Schedule A

MDL-646 -- In re Petro-Lewis Securities Litigation

    District of Montana

John A. Hauf, et al. v. Petro-Lewis Funds, Inc., et al.,
   C.A. No. CV-85-33-BLG
Mary Janice Anderson v. Petro-Lewis Funds, Inc.,
   C.A. No. CV-85-47-BLG

    Southern District of New York

Gary M. Goldberg, et al. v. Petro-Lewis Corp., et al.,
   C.A. No. 85-Civ-1862

    District of Colorado

The Flinn Foundation, et al. v. Petro-Lewis Corp., et al.,
   C.A. No. 84-C-2413

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC -3 1985

PATRICIA D. H...
CLERK OF THE PANEL

DOCKETS NO. 606 AND NO. 646

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL-606 -- IN RE D.H. BALDWIN DEBENTURES DUE 1994 SECURITIES LITIGATION
MDL-646 -- IN RE PETRO-LEWIS SECURITIES LITIGATION

Rosalyn Schindewolf v. Edward D. Jones, Inc., et al.,
E.D. Missouri, C.A. 85-0514-C

ORDER

Before the Panel is a motion by defendant Edward D. Jones & Co. (Jones) in the above-captioned action (Schindewolf) for an order pursuant to 28 U.S.C. §1407 whereby: 1) the claims in the actions arising out of the sale of debentures due 1994 issued by D.H. Baldwin Co. (the Baldwin claims) would be severed and transferred to the Southern District of Ohio for inclusion in MDL-606 proceedings pending there before the Honorable David S. Porter; and ii) the claims in Schindewolf arising out of the purchase and sale of limited partnership interests in a partnership created by Petro-Lewis Corporation (the Petro-Lewis claims) would be severed and transferred to the District of Colorado for inclusion in the the MDL-646 proceedings pending there before the Honorable Jim R. Carrigan. In the alternative, Jones seeks transfer of Schindewolf to one or the other of the two districts. Plaintiff opposes transfer.

On the basis of the papers filed,[1/] we find that 1) the Baldwin claims in Schindewolf involve common questions of fact with the MDL-606 actions previously centralized in the Southern District of Ohio and that inclusion of the Schindewolf Baldwin claims in the MDL-606 coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the MDL-606 litigation; and ii) the Petro-Lewis claims in Schindewolf involve common questions of fact with the MDL-646 actions previously centralized in the District of Colorado, and that inclusion of the Schindewolf Petro-Lewis claims in the MDL-646 coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the MDL-646 litigation. If the Baldwin claims in Schindewolf and the Petro-Lewis claims in Schindewolf were contained in separate actions, it is clear that transfer of the Schindewolf/Baldwin action to MDL-606 in the Southern District of Ohio would be appropriate for reasons expressed by the Panel in its original order directing centralization in MDL-606, In re D.H. Baldwin Debentures Due 1994 Securities Litigation (J.P.M.L., filed

---

[1/] The parties to Schindewolf waived oral argument and accordingly the question of transfer under Section 1407 was submitted on the briefs. Rule 14, R.P.J.P.M.L., 89 F.R.D. 273, 283-84 (1981).

October 16, 1984) (unpublished order); and that transfer of the Schindewolf/Petro Lewis action to MDL-646 in the District of Colorado would be appropriate for reasons expressed by the Panel in its original order directing centralization in MDL-646, In re Petro-Lewis Securities Litigation (J.P.M.L., filed August 13, 1985) (unpublished order). Severing the claims in Schindewolf will have the practical effect of treating the claims as separate actions and will ensure that the pretrial proceedings regarding the claims will occur in the appropriate pretrial forum for the claims.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled Rosalyn Schindewolf v. Edward D. Jones, Inc., et al., E.D. Missouri, C.A. 85-0514-C, be, and the same hereby is, transferred to the Southern District of Ohio and, with the consent of that court, assigned to the Honorable David S. Porter for coordinated or consolidated pretrial proceedings with the MDL-606 actions previously centralized in that district.

IT IS FURTHER ORDERED that the Petro-Lewis claims in Schindewolf be, and the same hereby are, separated and remanded to the Eastern District of Missouri.

IT IS FURTHER ORDERED that the Petro-Lewis claims in Schindewolf be, and the same hereby are, transferred to the District of Colorado and, with the consent of that court, assigned to the Honorable Jim R. Carrigan for coordinated or consolidated pretrial proceedings with the MDL-646 actions previously centralized in that district.

FOR THE PANEL:

Andrew A. Caffrey
Chairman